UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JESSICA SZABO and THOMAS AIKENS, :
               Plaintiffs, :
v. : **OPINION AND ORDER**
                :
MID-HUDSON FORENSIC : 16 CV 7293 (VB)
PSYCHIATRIC CENTER, *et al.*, :
               Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Thomas Aikens,[1] proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983, alleging constitutional and state law violations by five of the defendants, related to examinations performed by certified psychologists to determine plaintiff's competency to stand trial in his state court criminal case.

      Now pending are defendants William Haas, Vega Lalire, Howard Leibovitch, Darcie Miller, and Orange County's motions to dismiss the amended complaint pursuant to Rules 12(b)(2) and 12(b)(6). (Docs. ##22, 33, 45, 69, 91).[2]

      For the reasons set forth below, the motions are GRANTED.

      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

      In deciding the pending motions, the Court accepts as true all well-pleaded allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor.

---

[1]     Plaintiff Jessica Szabo makes no allegations against the defendants whose motions are addressed in this Opinion and Order.

[2]     Seventeen former and current employees of Mid-Hudson Forensic Psychiatric Center and two New York State Police officers separately moved to dismiss the complaint. (Doc. #103). The Court will address that motion separately after it is fully submitted.

1

On March 4, 2015, a judge of the Orange County Court overseeing a criminal case against Aikens ordered defendant Darcie Miller, Acting Commissioner of the Orange County Department of Mental Health, to designate "two qualified psychiatric examiners to perform psychiatric examination[s] of [Aikens] under Article 730 of the Criminal Procedure Law." (Am. Compl. at 14). Miller designated defendants Leibovitch and Haas, both certified psychologists, to conduct the examinations.

On March 25, 2015, Leibovitch conducted a "psychological examination" of Aikens. (Am. Compl. at 14). On March 26, 2015, Haas conducted a second "psychological examination." (Id.).

On January 29, 2016, another state court judge ordered Darcie Miller again to "designate two qualified psychiatric examiners to perform psychiatric examination" of Aikens. (Am. Compl. at 14). Miller designated defendant Lalire to conduct the examination. On February 22, 2016, Lalire conducted a "psychological examination" of Aikens. (Am. Compl. at 14-15). "[N]o [s]econd examination was performed." (Id. at 15).

As a result of these examinations, Aikens was found unfit to stand trial and was "committed to a mental institution" from July 7, 2015, to September 30, 2015, and from May 11, 2016, to "present" (i.e., at least until when he filed the amended complaint). (Am. Compl. at 16).

Aikens alleges Haas, Lalire, and Leibovitch (together the "psychologist defendants") acted improperly when they examined him because they were not qualified "psychiatric medical examiners" under New York law, and that Miller thus improperly designated them to examine Aikens. (See Am. Compl. at 14-15).

2

## DISCUSSION

I.   Legal Standards

   A.   Insufficient Service of Process

"Where a defendant moves for dismissal under Rules 12(b)(2), (5), and (6),[3] the Court must first address the preliminary questions of service and personal jurisdiction." Hertzner v. U.S. Postal Serv., 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007) (internal citations omitted).[4]

When considering a motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process, courts must look to matters outside the complaint to determine whether it has jurisdiction. Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). Plaintiff bears the burden of proving service of process was adequate. Id.

   B.   Rule 12(b)(6) Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

---

[3]   Defendants also move to dismiss under Rule 12(b)(1) on the grounds that the amended complaint does not raise a federal question over which the Court has subject matter jurisdiction. However, liberally construing the amended complaint, Aikens alleges his constitutional due process rights were violated when he was examined by allegedly unqualified examiners.

[4]   Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II.  Personal Jurisdiction over Leibovitch

Leibovitch argues that because plaintiff did not properly serve the amended complaint on him, the Court lacks personal jurisdiction over him.[5]

The Court agrees.

---

[5]  Defendant Orange County Correctional Facility ("OCCF") also argues it has not been properly served in its brief dated April 11, 2017, filed jointly with defendant Darcie Miller. (Doc. #45). However, by Order dated May 5, 2017, the Court dismissed OCCF because it is not a suable entity. (See Doc. #60). As a result, the Court need not address the arguments raised by OCCF.

Federal Rule of Civil Procedure 4(e) provides in pertinent part that an individual may be served by (i) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;" (ii) "delivering a copy of the summons and of the complaint to the individual personally;" (iii) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (iv) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

In New York, Section 308 of the Civil Practice Laws and Rules governs service of process. Section 308 provides that individuals may be served by either (i) delivering the summons to the person to be served, or (ii) delivering the summons "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served," along with mailing the summons to the person's last known address.

Here, Leibovitch acknowledges that the "Second Amended Order of Service directed [service on him] at the Orange County Department of Mental Health Services," but contends "this is not [Leibovitch's] residence or principal place of business," and therefore service on him was not valid. (Leibovitch Br. at 5). The docket confirms the United States Marshals Service served Leibovitch at the Orange County Department of Mental Health Services on April 20, 2017. (Doc. #75). In response to Leibovitch's argument, Aikens states he "has done his due diligence in trying to locate defendant Leibovitch['s] home or principal place of business . . . to no avail." (Doc. #51 at 1).

Even construing the record in plaintiff's favor, it appears Leibovitch has not yet been properly served. As a result, dismissal is appropriate. However, because plaintiff is proceeding pro se and in forma pauperis, and is thus relying on the Court's assistance through Orders of Service and service by the United States Marshals Service, such dismissal should be without

5

prejudice. Nevertheless, the Court concludes that directing proper service on Leibovitch would waste judicial resources because, as explained below, the Court dismisses with prejudice the federal claims against all of the psychologist defendants and defendant Miller for failure to state a claim.

III.     Due Process Claim

Defendants Haas, Leibovitch, Lalire, and Miller argue Aikens has failed to state a claim against them because the psychologist defendants are qualified to give psychiatric examinations under New York law.

The Court agrees.

Procedural due process requires "'that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" Chase Grp. Alliance, LLC v. City of N.Y. Dep't. of Fin., 620 F.3d 146, 150 (2d Cir. 2010) (quoting Cleveland Bd. Of Educ. V. Loudermill, 470 U.S. 532, 542 (1985)).  Thus, to sustain a Section 1983 claim based on an alleged violation of due process, a plaintiff must show (i) he possesses a liberty or property interest protected by the Constitution or federal statutes and (ii) he was deprived of that liberty or property interest without due process.  Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 313 (2d Cir. 2002).

Liberally construed, plaintiff's amended complaint alleges the psychologist defendants and Miller violated his procedural due process rights by subjecting him to psychological, and not psychiatric examination, or by subjecting him to a psychiatric examination by examiners who were not qualified to conduct such examinations, which resulted in his incarceration in a mental health institution.

New York Criminal Procedure Law ("CPL") Section 730.20(1) provides the process by which "psychiatric examiners" are designated "to examine the defendant to determine if he is an incapacitated person." It states, in relevant part:

> Upon receipt of an examination order, the director must designate two <u>qualified psychiatric examiners</u>, of whom he may be one, to examine the defendant to determine if he is an incapacitated person. In conducting their examination, the psychiatric examiners <u>may employ any method which is accepted by the medical profession</u> for the examination of persons alleged to be mentally ill or mentally defective.

N.Y. Crim. Proc. Law § 730.20(1) (emphasis added).

CPL Section 730.10(7) defines "[p]sychiatric examiner" as "a qualified psychiatrist <u>or a certified psychologist</u> who has been designated by a director to examine a defendant pursuant to an order of examination." (emphasis added).

Moreover, Section 730.20 was specifically "amended in 1989 to eliminate the statutory requirements that psychiatrists be designated to examine the defendant. The examinations may now be conducted by two psychiatrists, two psychologists or one from each discipline." Preiser Practice Commentary to CPL § 730.20.

Here, Aikens does not contest Haas, Lalire, and Leibovitch's qualifications as certified psychologists. Instead, he contends he was entitled to examination by psychiatrists, not psychologists, and that the psychologist defendants performed a "psychological examination" rather than a "psychiatric examination" as required by law. (Doc. #21).

The plain language of CPL Sections 730.10 and 730.20 shows plaintiff's argument is wrong as a matter of law. Certified psychologists are permitted to perform "psychiatric examinations" and they may employ "any method" accepted by their profession. Thus, in light of the psychologist defendants and Miller's compliance with the applicable law, plaintiff has failed plausibly to allege a procedural due process claim.

IV.     Monell Liability

Defendant Orange County argues plaintiff has failed to state a claim against Orange County ("the County") under Monell v. Department of Social Services, 436 U.S. 658 (1978).

The Court agrees.

A municipality like the County is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." Monell v. Dep't of Soc. Servs., 436 U.S. at 694. To state a Monell claim, a plaintiff need not allege the policy or custom itself is unconstitutional; rather, liability exists when a municipal policy is valid but the municipality's actual practice is not. Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 125–26 (2d Cir. 2004) (practice of using excessive force can be basis for municipal liability even though city's policy on use of force is itself constitutional).

"While Monell claims are not subject to a 'heightened' pleading standard beyond that defined in Rule 8(a)(2), such claims nevertheless must meet the plausibility requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 572 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009)." Guzman v. United States, 2013 WL 5018553, at *4 (S.D.N.Y. September 13, 2013) (quoting Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)). "In other words, boilerplate allegations will not suffice." Id. (internal quotation marks omitted). In sum, without more, "[t]he allegations [a defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient." Missel v. Cty. of Monroe, 351 F. App'x 543, 545-46 (2d Cir. 2009) (summary order) (citing Dwares v. City of New York, 985 F.2d 94, 100-02 (2d Cir. 1993)).

Here, Aikens has made no specific allegations against the County, and defendant Miller appears to be the only individual named in the amended complaint who is an employee of the

8

County. Liberally construed, Aikens's amended complaint could be understood to allege the County failed to select a psychiatrist for his examinations, and by extension, it has a policy of designating unqualified people to do such examinations. However, as explained above, any such allegations are based on a fundamental misunderstanding of the applicable law. Specifically, New York law permits certified psychologists like Haas, Lalire, and Leibovitch to conduct psychiatric examinations under CPL Section 730. Finally, although Aikens is, or was at one time, incarcerated at the OCCF, none of his allegations relate to conduct by OCCF employees.

Accordingly, plaintiff's claims against the County are dismissed.

V.      State Law Claims

Aikens's amended complaint appears to contain state law claims of intentional infliction of emotional distress, libel, malpractice, and defamation. (See Am. Compl. at 15).

Because the Court is dismissing Aikens's only federal claim, there are no longer any claims remaining asserted by him over which the Court has original jurisdiction.

"A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009); 28 U.S.C. § 1367(c)(3).

The Court declines to exercise supplemental jurisdiction over the remaining state law claims here.

Accordingly, the Court need not address defendants' arguments relating to plaintiff's state law claims because they are moot.

VI.     Leave to Amend

A district court ordinarily should not dismiss a pro se complaint for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112

(2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). A court must grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

Here, the amended complaint, even liberally construed, does not contain allegations suggesting plaintiff has a valid claim against the psychologist defendants, Miller, or the County, or that plaintiff has merely "inadequately or inartfully pleaded" and therefore should "be given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d at 112. On the contrary, the Court finds that repleading would be futile because the problems with plaintiff's federal claim are substantive, and supplementary or improved pleading will not cure the deficiencies of the amended complaint. See id. Accordingly, the Court declines to grant plaintiff leave to file a second amended complaint.

## CONCLUSION

Defendants Haas, Lalire, Leibovitch, Miller, and the County's motions to dismiss are GRANTED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to (i) terminate the motions (Docs. ##22, 33, 45, 69, 91); (ii) terminate William Haas, Vega Lalire, Howard Leibovitch, Darcie Miller, and Orange County as defendants; (iii) terminate Thomas Aikens as a plaintiff; and (iv) mail a copy of this Opinion and Order to plaintiffs Thomas Aikens and Jessica Szabo.

Dated: September 18, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge